UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALI ZAMANI,<br>on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHARKNINJA, INC. and SHARKNINJA OPERATING LLC,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 24-cv-12313-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Ali Zamani ("Zamani" or "Plaintiff") brings this action against SharkNinja, Inc. and SharkNinja Operating LLC ("SharkNinja" or "Defendants"), alleging that Defendants defectively designed and deceptively advertised certain blenders, causing him to buy a blender for more than it was worth and subsequently injure his hand. [ECF No. 1 ("Complaint" or "Compl.")]. Specifically, he brings two design defect claims on his own behalf, [id. ¶¶ 86–110 (Counts I and II)], as well as statutory consumer protection and common law fraud claims on behalf of a purported class of similarly situated individuals, [id. ¶¶ 111–44 (Counts III–VI)]. Pending before this Court is Defendants' partial motion to dismiss Counts III–VI pursuant Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, [ECF No. 11], and Defendants' motion to strike the Complaint's class-based allegations

pursuant to Rule 12(f), [ECF No. 13].  For the reasons articulated below, the motion to dismiss is **GRANTED**, and the motion to strike is **DENIED** as moot.

## I.     BACKGROUND

The following facts are taken from the Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss.  See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

### A.     Factual Background

Defendants design, manufacture, market, distribute, and sell a variety of consumer products, including, as relevant here, the BL610 model blender (the "Product").  [Compl. ¶¶ 2, 11, 14].  The Product consists of four main parts: an electric base, a main compartment called the "blender jar" where the contents of smoothies and other liquids are placed, a lid, and a disconnected assembly of stacked blades (the "blade assembly").  [Id. ¶¶ 15–16].  When the Product is assembled for use, the blade assembly is fit into a protruding piece of plastic at the bottom of the blender jar.  [Id. ¶ 16].  The blade assembly does not lock into the jar.  [Id.].  The blender jar locks into the base, which contains the controls for the Product.  [Id.].  The lid then locks the top of the Product, and, when the lid is attached, the blade assembly locks into the lid.  [Id.].  When the lid is not attached, the blade assembly is not locked into any portion of the Product, differentiating it from other blenders with blades that are either connected to or lock

into the main structure. [Id. ¶¶ 16–18]. As a result, if the lid is not on the Product, the blade assembly can fall out of the Product when tilted, such as to pour liquid. [Id. ¶¶ 20–22].

Plaintiff purchased the Product from SharkNinja on Amazon on or about March 10, 2024. [Compl. ¶ 25]. It was delivered on March 12, 2024. [Id.]. Plaintiff had used the blender for approximately three weeks when, on or about April 1, 2024, the unsecured blade assembly fell out of the blender while he was pouring a smoothie and injured his hand, requiring him to rush to the emergency room. [Id. ¶¶ 26, 27, 29].

### B. Procedural History

Plaintiff filed his Complaint on September 9, 2024, bringing two design defect claims on his own behalf (Counts I and II), as well as statutory consumer protection and common law fraud claims on behalf of a purported class of similarly situated individuals (Counts III–VI). [Compl.]. On November 12, 2024, Defendants filed motions to dismiss all but the design defect claims and to strike the Complaint's class-based allegations, [ECF Nos. 11, 13], both of which motions Plaintiff opposed on November 26, 2024, [ECF Nos. 16, 17]. Defendants filed further replies in support of each motion on December 20, 2024, [ECF Nos. 21, 22].

## II.   RULE 12(b)(6)

### A. Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze them in the light most favorable to the plaintiff, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). Additionally, "a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice." MIT Fed. Credit

3

Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011)).  "[A] complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)), and set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Pitta v. Medeiros, 90 F.4th 11, 17 (1st Cir. 2024) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).  Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

      B.    Discussion

           1.    **Consumer Protection Claims (Counts III, IV, and V): Massachusetts General Laws Chapter 93A and New York General Business Laws Sections 249, 350**

Plaintiff brings three counts for alleged unfair and deceptive practices pursuant to Massachusetts, [Compl. ¶¶ 111–22 (Count III)], and New York, [id. ¶¶ 123–37 (Counts IV and V)], consumer protection statutes, all predicated on the same theory—namely, that Plaintiff and other putative class members are "victims of deceptive marketing that has led to their purchase of a Product with less value than they were led to believe."  [Id. ¶ 60]; see also [ECF No. 16 at 5–8].  Specifically, Plaintiff contends that Defendants' advertising practices ran afoul of consumer protection laws by failing to disclose that the Product's blade assembly was unsecured,

4

which was necessary to "appris[e] reasonable consumer[s] of the blenders' safety risks (and hence their reduced value for consumers)." [ECF No. 16 at 6]. Defendants' argument for dismissal is twofold: 1) Plaintiff cannot maintain a 93A claim because Massachusetts choice of law principles require application of New York law, [ECF No. 12 at 10–12], and 2) pursuant to either statute, Plaintiff has failed to plead that Defendants' advertising of the Product deceptively omitted any relevant information, [id. at 12–19]; [ECF No. 21 at 9–10].

With regard to the New York statutes, "to state a claim under sections 349 or 350, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice." Plavin v. Grp. Health Inc., 146 N.E.3d 1164, 1168 (N.Y. 2020) (cleaned up). Omissions are actionable under sections 349 and 350 "where the business alone possesses material information that is relevant to the consumer and fails to provide this information." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995). This does not require, however, that "businesses . . . ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation." Id. Rather, the relevant inquiry is whether the allegedly deceptive omission is "likely to mislead a reasonable consumer acting reasonably under the circumstances." In re Sling Media Slingbox Advert. Litig., 202 F. Supp. 3d 352, 360 (S.D.N.Y. 2016) (quoting Oswego, 85 N.E.2d at 745).

Similarly, pursuant to Massachusetts Chapter 93A, "[a] successful claim requires a showing of 1) a deceptive act or practice on the part of the defendant, 2) an injury or loss suffered by the plaintiff and 3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." Gorbey ex rel. Maddox v. Am. J. of Obstetrics &

Gynecology, 849 F. Supp. 2d 162, 165 (D. Mass. 2012) (citing Tyler v. Michaels Stores, Inc., 840 F. Supp. 2d 438, 447–48 (D. Mass. 2012))), aff'd sub nom. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77 (1st Cir. 2013).  Challenged omissions may be considered "deceptive" where the plaintiff pleads sufficient facts to indicate that the omissions had the "capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e., to entice a reasonable consumer to purchase the product)." Aspinall v. Philip Morris Companies, Inc., 813 N.E.2d 476, 488 (Mass. 2004).  Alternatively, omissions may be considered "unfair" for purposes of 93A if they "1) [are] within the penumbra of some common law, statutory or other established concept of unfairness, 2) [are] immoral, unethical, oppressive or unscrupulous and 3) cause[ ] substantial injury to consumers, competitors or other business entities." President & Fellows of Harvard Coll. v. Certplex, Ltd., No. 15-cv-11747, 2015 WL 10433612, at *2 (D. Mass. Nov. 25, 2015).

Ultimately, the Court need not reach Defendants' choice of law argument because, even assuming the 93A claim has been properly brought, Plaintiff has failed to plead that Defendants' advertising was unfair, deceptive, or otherwise materially misleading under either Massachusetts or New York consumer protection statutes.  Plaintiff's contention that Defendants deceptively omitted information regarding the detached blade assembly is belied by his Complaint and the exhibits attached to it, which establish that Defendants had repeatedly disclosed the design of the blade assembly and its related safety risks on the Amazon webpage where Plaintiff purchased the Product.  For instance, the Complaint concedes that the Amazon webpage "contains three PDF links" to Defendants' various user guides, [Compl. ¶ 48], and that these guides include information about the "unsecured blades" and related "warnings," [id. ¶¶ 52, 54–56], even if this information was not as prominently displayed as Plaintiff might have liked.  These user guides,

6

which Plaintiff attaches to the Complaint and incorporates by reference, include numerous, explicit disclaimers regarding the very information Plaintiff alleges was deceptively withheld from him—namely that the blade assembly was both unsecured and sharp.  See [ECF No. 1-2 at 3 ("WARNING: Stacked Blade Assembly is sharp and not locked in place. If using the pour spout, ensure the lid is fully locked in place.  If pouring with the lid removed, carefully remove the Stacked Blade Assembly first holding it by the shaft.  Failure to do so will result in a risk of laceration."); id. at 9 (same); id. at 12 ("WARNING**:** Blades are sharp and not locked in place. Make sure lid is locked onto the pitcher before pouring.  If pouring without lid, ALWAYS remove blades first.  Failure to do so will result in a laceration risk."); id. at 14 ("WARNING: Stacked Blade Assembly is sharp and not locked in place. Make sure lid is locked onto the pitcher before pouring. If pouring without lid, carefully remove Stacked Blade Assembly first. Failure to do so will result in risk of laceration,"); see also [id. at 8 (diagram indicating blade assembly is not attached to any other portion of the blender); id. at 10 (same); id. at 12 (same)]. Given the abundance of information disclosed by Defendants on the Amazon webpage regarding the detached blade assembly and its associated risk, which was available to Plaintiff prior to his purchase, the Court finds that Plaintiff has failed to allege facts sufficient to indicate that Defendants engaged in any unfair or deceptive conduct that caused Plaintiff, as a reasonable consumer, to buy the Product for more than it was worth.[1]  As such, Defendants' motion to dismiss Counts III, IV, and V is **GRANTED**.

---

[1] Plaintiff's contention that he was misled by Defendants' purportedly deceptive advertising rings hollow for the additional reason that the Complaint pleads that the Amazon webpage was replete with "complaints [from consumers] . . . about the safety of [the Product's blade assembly]" dating back to 2015.  [Compl. ¶ 39; see also [id. ¶ 40 (summarizing Amazon reviews, noting that "many customers complained that the blades were dangerously sharp and liable to fall out and cut an individual using the Product")].

### 2. Fraud (Count VI)

Plaintiff also brings a claim for common law fraud, premised on the same allegedly deceptive omissions as the consumer protection claims. [Compl. ¶¶ 138–44 (Count VI)]. In particular, Plaintiff contends that Defendants "had a duty to disclose" the Product's "design defects" and failed to do so, causing Plaintiff to "reasonably rel[y] on Defendants' misleading omissions," which Defendants "knew and intended Plaintiff" to do. [Id. ¶¶ 140–42]. Defendants counter that Plaintiff's claim fails for substantially the same reasons as the consumer protection claims and for the additional reason that Plaintiff failed to plead the elements of common law fraud with particularity, as required under Federal Rule of Civil Procedure 9(b). [ECF No. 12 at 19–21]. Specifically, Defendants assert that Plaintiff fails "to plead facts supporting a duty to disclose" and does not "identify any specific material omission that was false and that was known to be false by SharkNinja." [ECF No. 12 at 20]; see also [ECF No. 21 at 10].

The Court agrees with Defendants that Plaintiff has failed to plead sufficient facts with particularity to state a claim based on fraudulent omissions. "The elements of fraud under New York law are: [1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (citation modified).[2] Additionally, under New York law, omissions are actionable as a basis for claims of

---

[2] Defendants contend that New York law applies to the common law fraud claim. [ECF No. 12 at 19, n.11]. Plaintiff does not dispute this, and he concedes that Federal Rule 9(b) governs his pleading requirements for the fraud claim. [ECF No. 16 at 12–13]. As such, for purposes of this order, the Court assumes that New York law applies to Plaintiff's common law fraud claims, while noting that the analysis pursuant to Massachusetts law would be substantially similar. See AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc., 928 F.3d 110, 122 (1st Cir. 2019)

fraud "only if the non-disclosing party has a duty to disclose." <u>Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.</u>, 68 F.3d 1478, 1483 (2d Cir. 1995). "In a federal diversity action, such a claim must be pleaded with particularity." <u>Premium Mortg. Corp.</u>, 583 F.3d at 108 (citing Fed. R. Civ. P. 9(b)). As detailed <u>supra</u>, Plaintiff fails to identify any material omission, much less plead one with particularity, and, other than a few conclusory allegations, the Complaint provides no basis to support an inference of justifiable reliance. The Complaint similarly fails to plead particularized, non-conclusory allegations to establish the existence of a duty to disclose, <u>see</u> [Compl.], nor does Plaintiff point to any authority for such a duty in his briefing (under New York law or otherwise), <u>see</u> [ECF No. 16 at 12–13]. As such, Plaintiff's claim for fraud fails, and Defendants' motion to dismiss Count VI is **GRANTED**.

### III.    RULE 12(f)

Because the Court has dismissed all of the counts that Plaintiff brings on behalf of a class of consumers, Defendants' motion to strike the class-based allegations is **DENIED** as moot.

### IV.    CONCLUSION

Accordingly, for the reasons articulated herein, Defendants' motion to dismiss as to Counts III–VI, [ECF No. 11], is **GRANTED**. Defendants shall answer Counts I and II within two weeks of this order. Defendants' motion to strike, [ECF No. 13], is **DENIED** as moot.

    SO ORDERED.

July 7, 2025                                                             <i>/s/ Allison D. Burroughs</i>
                                                                                                      ALLISON D. BURROUGHS
                                                                                                      U.S. DISTRICT JUDGE

---

(claim for fraudulent omission under Massachusetts law requires plaintiff to establish that defendants "(1) made a false representation of material fact; (2) with knowledge of its falsity; (3) for the purpose of inducing the plaintiff to act on this representation; (4) that the plaintiff reasonably relied on the representation as true; and (5) that [the plaintiff] acted upon it to their damage," and that defendants had a duty to disclose (cleaned up)).